IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JULIA FAYE HALL,                :
AIS 199197,
                                :
    Petitioner,
                                :
vs.                                          CA 09-0491-CG-C
                                :
CYNTHIA WHEELER-WHITE,
                                :
    Respondent.

**REPORT AND RECOMMENDATION**

Julia Faye Hall, a state prisoner presently in the custody of the respondent, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed without prejudice to allow Hall the opportunity to exhaust her state remedies.

**FINDINGS OF FACT**

1.     According to the allegations gleaned both from the form habeas corpus complaint this Court required Hall to file (Doc. 7; *compare id. with* Doc. 6) and the petition Hall originally filed in the Middle District of Alabama

(*see* Doc. 5, PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY), petitioner entered a counseled guilty plea to second-degree burglary on September 23, 2005 and was sentenced to a fifteen-year term of imprisonment. (*See* Doc. 5, at 3) This term was split and she was ordered to serve eighteen (18) months in prison, followed by an unidentified probationary term. (*See id*. at 3 & 7) Hall did not appeal her conviction and sentence. (*See* Doc. 7, at 3 ("I did not know I could. My lawyer never told me I could.")) Thereafter, Hall filed a motion to amend her sentence in the Circuit Court of Mobile County, Alabama sometime in 2008; this motion was denied by the trial court. (*See* Doc. 5, at 5) On or about March 22, 2009, Hall filed another motion in the Mobile County Circuit Court seeking thirty-four (34) days of jail credit from November 7, 2006 through December 11, 2006. (*Id*. at 6) Hall did not appeal the trial court's denial of her motion to amend her sentence or her motion seeking jail credit. (*See* Doc. 7, at 6 ("Once I received motions back denied I did not know I could appeal[.]"))

     2.    In her petition, Hall makes the following claims: (1) "I am asking for the 11 months I served in prison on this split"; (2) she received jail credit for the period from October 23, 2005 to December 11, 2006 but received no credit for the six months she served from December 11, 2006 until she was

released on May 6, 2007; (3) her probation was revoked on or about July 12, 2007 and she remains incarcerated today and would like to be credited for the aforementioned total of 17 months she was imprisoned prior to the revocation; and (4) noone explained to her that she had the right to appeal her sentencing and revocation. (*Compare* Doc. 5, at 7-12 *with* Doc. 7, at 11)[1]

## CONCLUSIONS OF LAW

1.　A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

2.　A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119

---

[1]　Hall initially filed her habeas corpus petition in the United States District Court for the Middle District of Alabama on May 25, 2009. (*See* Doc. 5, at 17)

S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845, 119 S.Ct. at 1732; *see Heck v. Humphrey*, 512 U.S. 477, 480-481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

    3.    A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id.* (citation omitted). The

exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" *Id.* (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). Each and every claim raised in the petition must be exhausted to the state's highest court and it is the petitioner's burden to show that all claims have been fairly presented to that court. *See Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."); *Morales v. Shannon*, 2007 WL 1877977, *3 (E.D. Pa. 2007) ("A petitioner must exhaust state remedies as to each of his federal claims."); *United States ex rel. Quezada v. Uchtman*, 2006 WL 3341200, *2 (N.D. Ill. 2006) ("[T]he petitioner must properly assert each claim at each and every level in the state court system, either on direct appeal of his conviction or in post-conviction proceedings.").

    4.    The exhaustion requirement is excused if "there is either an

absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under Fay v. Noia, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have

not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

     5.    The two different complaints filed by petitioner in this case establish, on their faces, that Hall has not presented the claims she asserts in her federal habeas petition to the state courts of Alabama. In fact, petitioner concedes in the complaint she filed on this Court's form that she did not know she could appeal any relevant action taken by the trial court to Alabama's appellate courts. (Doc. 7, at 3, 6-7 & 11) The nature of the claims Hall wants this Court to consider are such that they should be presented first to Alabama's state courts as these are matters of state law and those courts are certainly more well-versed than is this Court in determining, under Alabama law, the amount of jail credit a petitioner is entitled to receive with respect to a split sentence. *Wilson v. State*, 981 So.2d 441, 442 (Ala.Crim.App. 2007) ("'A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. . . . Section 15-18-5, Ala.Code 1975, requires that a convicted person be "credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections."'"); *see*

*Perkins v. State*, 10 So.3d 617, 618 & 619 (Ala.Crim.App. 2007) ("A petition for writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. . . . Section 15-22-54(d)(3),[2] Ala.Code 1975, provides, in relevant part: 'If revocation results in a sentence of confinement, credit shall be given for all time spent in custody prior to revocation. Full credit shall be awarded for full-time confinement in facilities such as county jail, state prison, and boot camp.'"); *compare Ex parte Hesse*, 792 So.2d 1085, 1086 (Ala. 2000) ("Defendants sentenced under the Split Sentence Act are not eligible for good-time incentive credit during their minimum period of confinement[.] . . . By the clear language of the statute, Hesse was not entitled to receive any good-time credits for his initial period of mandatory confinement. . . . This period of confinement is called 'day-for-day' time or 'flat time' to reflect the lack of incentives available to prisoners.") *with* Ala.Code § 15-18-8(g) ("No defendant serving a minimum period of confinement ordered under the provisions of subsection (a) shall be entitled to parole or to deductions from his or her

---

[2] Section 15-22-54(d)(3) further provides, as follows: "Credit for other penalties, such as work release programs, intermittent confinement, and home detention, shall be left to the discretion of the court, with the presumption that such time spent subject to these penalties will receive half credit. The court shall also give significant weight to the time spent on probation in substantial compliance with the conditions thereof. The total time spent in confinement may not exceed the term of confinement of the original sentence." *Id.*

sentence under the Alabama Correctional Incentive Time Act, during the minimum period of confinement so ordered; provided, however, that this subsection shall not be construed to prohibit application of the Alabama Correctional Incentive Time Act to any period of confinement which may be required after the defendant has served such minimum period.").[3] Accordingly, this action should be dismissed to allow Hall the opportunity to exhaust her state remedies.

## **CONCLUSION**

It is therefore recommended that Julia Faye Hall's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed, without prejudice, to allow petitioner the opportunity to fully exhaust her state court remedies.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

---

[3] The only basis for relief Hall states in the complaint she filed on this Court's form is that she did not know she could appeal the various actions of the Mobile County Circuit Court to Alabama's appellate courts. (*See* Doc. 7) In absence of the identification of a constitutional ground for relief, petitioner's ignorance of her right to appeal establishes no basis for federal habeas corpus relief. Moreover, this Court is satisfied that under Alabama law, a prisoner in Hall's position has state-court remedies available to her to determine whether she is entitled to the jail credit she claims she is entitled to receive with respect to her split sentence.

    **DONE** this the 25th day of August, 2009.

               <u>  s/WILLIAM E. CASSADY                 </u>
                **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.